IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Harold L. M.,[1] | ) | Case No.: 1:22-cv-03787-JD-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Kilolo Kijakazi, Acting Commissioner of Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

This social security matter is before the Court with the Report and Recommendation of United States Magistrate Judge Shiva V. Hodges ("Report and Recommendation" or "Report"), pursuant to Local Civil Rule 83.VII.02 of the District of South Carolina. Plaintiff Harold L.M. ("Plaintiff") brings this action pursuant to Section 405(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g) and 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner"), denying Plaintiff's claim for Disability Insurance Benefits ("DIB").

Plaintiff filed an application for DIB on November 26, 2018, alleging a disability onset beginning November 8, 2008.[2] (DE 8-5, pp. 166-69.) The claim was denied initially and on reconsideration by the Social Security Administration. (DE 8-4, pp. 110-13.) On November 5, 2019, Plaintiff had a hearing before the Administrative Law Judge ("ALJ"). The ALJ issued a

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

[2] Plaintiff filed a prior application for benefits that was denied in October 2010. (DE 8-2, p. 52.) During the hearing, the ALJ questioned Plaintiff's counsel about the prior application, and counsel stated she did not feel there was a basis for reopening it and that Plaintiff would be willing to amend his alleged onset date to October 2010. (Id.)

1

decision on December 18, 2019, finding that Plaintiff is not disabled within the meaning of the Social Security Act ("the Act"). (DE 8-2, 30-48.) Plaintiff requested Appeals Council review of the ALJ's decision, but the Appeals Council declined review. (DE 8-2, pp. 11-18.) Plaintiff filed this action for judicial review on November 1, 2022. (DE 1.)

The Magistrate Judge issued the Report and Recommendation on July 18, 2023, recommending that the Commissioner's decision be affirmed. (DE 31.) The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection has been made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(l). However, *de novo* review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in the Magistrate Judge's proposed findings. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a specific objection, the court reviews the report and recommendation only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted); see also Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003) ("A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object.").

Neither party filed an objection to the Report and Recommendation. Upon review of the Report and the record in this case, the Court finds that there is no clear error on the face of the record, and therefore, the Court adopts the Report and Recommendation and incorporates it herein by reference, and it is hereby **ORDERED** that the Commissioner's decision is **AFFIRMED**.

**AND IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

September 26, 2023
Florence, South Carolina

3